# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVARIS AMPS, | Case No. 1:23-cv-1259-KES-SKO |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DISMISS ACTION, WITHOUT PREJUDICE, FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE |
| v. | |
| ALVIN HARRELL, | |
| Defendant. | Doc. 5 |

Plaintiff Travaris Amps proceeds pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff initiated this action by filing a complaint on August 22, 2023. Doc. 1. However, plaintiff did not pay the court's filing fee or file a motion to proceed in forma pauperis. *See* Docket. On August 24, 2023, the court ordered plaintiff to apply to proceed in forma pauperis or pay the filing fee. Doc. 2. After plaintiff failed to do so, on October 2, 2023, the assigned magistrate judge issued an order for plaintiff to show cause within twenty-one days why the action should not be dismissed for his failure to comply with a court order and failure to prosecute. Doc. 4. Plaintiff did not file any response. *See* Docket.

On November 2, 2023, the assigned magistrate judge issued findings and recommendations recommending dismissal of this action, without prejudice, for plaintiff's failure

1

1   to comply with the court orders and failure to prosecute this action.  Doc. 5.  The findings and
2   recommendations were served on plaintiff and contained notice that any objections thereto were
3   to be filed within fourteen days after service.  *Id.* at 2.  No objections were filed, and the deadline
4   to do so has expired.

5   In accordance with the provisions of 28 U.S.C. § 636(b)(1), this court has conducted a de
6   novo review of the case.  Having carefully reviewed the file, the court concludes that the findings
7   that plaintiff failed to comply with the court's orders and that plaintiff failed to prosecute his case,
8   are supported by the record.  However, the magistrate judge did not weigh the five factors set
9   forth in *Henderson v. Duncan* prior to recommending dismissal of the case as a sanction for
10  failure to obey court orders and failure to prosecute. 779 F.2d 1421 (9th Cir. 1986).  Specifically,
11  the Ninth Circuit has held that, prior to dismissing a case as a sanction, the court must consider
12  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its
13  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
14  cases on their merits; and (5) the availability of less drastic alternatives." *Id.* at 1423.  The court
15  has considered the *Henderson* factors and finds that they weigh in favor of dismissal.

16  The public's interest in expeditious resolution of litigation and the court's need to manage
17  its docket weigh in favor of dismissal because the court cannot effectively manage its docket nor
18  can the litigation be expeditiously resolved if plaintiff does not litigate his case.  *See Yourish v.*
19  *Cal.* Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious
20  resolution of litigation always favors dismissal.").  The third factor – the risk of prejudice to the
21  defendants – also weighs in favor of dismissal, given that unreasonable delay in a case gives rise
22  to a presumption of injury to the defendant.  *See, e.g.*, *Anderson v. Air W., Inc.*, 542 F.2d 522, 524
23  (9th Cir. 1976).  While the fourth consideration, that public policy favors disposition of cases on
24  their merits, generally weighs against dismissal, here it lends little support "to a party whose
25  responsibility it is to move a case toward disposition on the merits but whose conduct impedes
26  progress in that direction." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d
27  1217, 1228 (9th Cir. 2006) (citations omitted).  Finally, the court's warnings in its orders issued
28  August 24, 2023, and October 2, 2023, that plaintiff's failure to comply with the court's orders

1  would result in dismissal of this action (Docs. 2, 4) satisfies the "considerations of the
2  alternatives" requirement.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).
3  Additionally, at this stage in the proceedings there is little else available to the court that would
4  constitute a satisfactory lesser sanction.  It appears monetary sanctions would be of little use given
5  that plaintiff has not paid the filing fee and the preclusion of evidence or witnesses is likely to have no
6  effect given that plaintiff has ceased litigating his case.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations issued on November 2, 2023, Doc. 5, are adopted in full;
2. This action is dismissed, without prejudice, for failure to obey court orders and failure to prosecute; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   August 8, 2024

UNITED STATES DISTRICT JUDGE

3